UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IRENE GONZALEZ,

    Plaintiff,

vs.

CASE NO.  6:26-CV-423

LUXEGUARD & CO, LLC,
LUXEGUARD ORLANDO LLC, and
SHIRLEY PAULIN SAENZ,

    Defendants.

_____/

### SHIRLEY SAENZ' ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, LUXEGUARD & CO, LLC, LUXEGUARD ORLANDO LLC, and SHIRLEY PAULIN SAENZ, by and through their undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses in response to the Plaintiff's Complaint and states as follows:

1. Without knowledge, therefore denied.

2. Denied.

3. Denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Admitted.

8. Admitted.

9. Admitted for jurisdictional purposes only.

10. Admitted for jurisdictional purposes only.  Denied that the Plaintiff is entitled to damages.

12. [sic] Admitted.

13. Without knowledge, therefore denied and strict proof is demanded thereon.

14. Denied.

15. Admitted.

16. Without knowledge, therefore denied and strict proof is demanded thereon.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Admitted.

20. Denied.

21. Without knowledge, therefore denied and strict proof is demanded thereon.

22. Without knowledge, therefore denied and strict proof is demanded thereon.

23. Without knowledge, therefore denied and strict proof is demanded thereon.

24. Without knowledge, therefore denied and strict proof is demanded thereon.

25. Without knowledge, therefore denied and strict proof is demanded thereon.

26. Without knowledge, therefore denied and strict proof is demanded thereon.

27. Without knowledge, therefore denied and strict proof is demanded thereon.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Without knowledge, therefore denied and strict proof is demanded thereon.

34. Denied.

35. Without knowledge, therefore denied and strict proof is demanded thereon.

The Defendants hereby deny each and every allegation not specifically denied herein.

## AFFIRMATIVE DEFENSES

1. As their First Affirmative Defense, the Defendants state that they are not subject to liability under FLSA and that this action should be barred because any omission of overtime payments complained of was in good faith in conformity with and in reliance on administrative practice with respect to the class of employees/independent contractors to which the Plaintiff belonged.

2. As their Second Affirmative Defense, the Defendants state that any insubstantial or insignificant periods of recorded worked time beyond the scheduled working hours of the Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and may be properly disregarded for wage computation.

3. As their Third Affirmative Defense, the Defendants state that to the extent any claims arise outside the statute of limitations, they are barred by the limitations period set forth under the Act.

4. As their Fourth Affirmative Defense, the Defendants state that the Plaintiff's claims are barred by payment in that Plaintiff has received all compensation to which he is entitled under the FLSA.

5. As their Fifth Affirmative Defense, the Defendants state that the regular rate of pay cannot be computed based upon, and overtime compensation cannot be recovered by the Plaintiff, for periods of time during which the Plaintiff performed no work, including vacation and/or sick/medical leave, or for periods of time during which the Plaintiff was otherwise absent from the workplace during that week, including during holidays and other functions he voluntarily attended.

6. As their Sixth Affirmative Defense, and in the alternative if necessary, the Plaintiff is not entitled to any penalty, multiplication of damages, or extension of the applicable statute of

limitations period because the Defendants did not willfully, knowingly, or intentionally fail to comply with FLSA or any other applicable laws.

7. As their Seventh Affirmative Defense, the Defendants state that any claim for overtime compensation by the Plaintiff must be offset by any premium compensation overpayments, bonuses, advances, commission or other job-related benefits paid or provided to the Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

8. As their Eighth Affirmative Defense, the Defendants state that the Plaintiff was an independent contractor and therefore not subject to the FLSA as pled.

Defendants hereby reserves the right to amend this pleading to supplement and assert any additional Affirmative Defense that may arise as the result of discovery, investigation, or otherwise.

## ATTORNEYS' FEE DEMAND

Defendants have been required to retain undersigned counsel and agreed to pay counsel reasonable fees. Defendants pray the Court for an award of attorneys' fees and costs if Defendants prevails herein.

Respectfully submitted,

SWEETAPPLE, BROEKER & MILLER, PL
*Attorney for Defendants*
4800 N. Federal Highway, Suite D306
Boca Raton, FL 33431
Telephone: (561) 392-1230
E-Mail:pleadings@sweetapplelaw.com

By:     */S/ Robert A. Sweetapple*
ROBERT A. SWEETAPPLE
Florida Bar No. 0296988

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECT system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

SWEETAPPLE, BROEKER & MILLER, PL
*Attorney for Defendants*
4800 N. Federal Highway, Suite D306
Boca Raton, FL 33431
Telephone: (561) 392-1230
E-Mail:pleadings@sweetapplelaw.com

By:    */S/ Robert A. Sweetapple*
ROBERT A. SWEETAPPLE
Florida Bar No. 0296988